UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN EILEEN POPP,

    Plaintiff,

v.

    Case No. 1:17-cv-710

    HON. JANET T. NEFF

LAKESHORE FOODS CORP., d/b/a
Barney's Market,

    Defendant.
_____/

## OPINION

Plaintiff filed this employment discrimination case against Defendant alleging claims based on her demotion and pay cut. Pending before the Court is Defendant's Motion to Transfer Venue (ECF No. 13), pursuant to 28 U.S.C. §§ 1404 and 1406, to the Northern District of Indiana, South Bend Division. Plaintiff has filed a Response and brief in opposition (ECF Nos. 16, 17).[1] Have fully considered the parties' submissions and the case circumstances, the Court concludes the Motion is properly granted.

I. BACKGROUND

Plaintiff is an employee of Defendant, owner-operator of a number of grocery stores in La Porte County, Indiana, and one store in New Buffalo, Michigan, known as Barney's Market.[2]

---

[1] Defendant's motion to strike Plaintiff's Response and brief on the grounds they are untimely by six days is denied. The Court should hear the parties' positions before deciding that the transfer of venue is proper. *See Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006).

[2] It is unclear how long Plaintiff has been employed by Defendant. Her complaint states that she "was hired during September July [sic] 2006," but also states that she had been employed by Defendant for 19 years at the time of her September 2016 demotion from the Produce Manager

When Plaintiff began her employment with Defendant, she worked in one of Defendant's Indiana grocery stores and thereafter worked at Defendant's various store locations. At the time of her alleged demotion on September 7, 2016, Plaintiff was employed at the New Buffalo, Michigan store.

Plaintiff filed this case in the Western District of Michigan in August 2017. Plaintiff alleges that Defendant's decision to demote and transfer her from her position at the New Buffalo store to Defendant's Michigan City, Indiana grocery store was unlawfully based on her age and/or gender in violation of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Equal Pay Act.

Defendants filed a Motion to Transfer Venue and a Motion to Strike Plaintiff's Response to the motion to transfer. Plaintiff's counsel has now filed an unopposed Motion to Withdraw as Attorney (ECF No. 25). This Opinion resolves the first two pending motions; however, the Court takes no action on Plaintiff's counsel's motion to withdraw, having decided that this case is properly transferred to the Northern District of Indiana federal district court.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a civil action to another district:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, Ltd.*, 764 F.

---

position, making $17.60 an hour, to Seafood Manager, making $12.70 per hour (Compl., ECF No. 1, ¶¶ 9, 15, 31, 65). Plaintiff remains employed by Defendant (*id.*, ¶ 79).

Supp. 93, 95-96 (E.D. Mich. 1991); *see also Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

"[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quotations omitted)). Thus, the court should evaluate case-specific factors affecting both private and public interests, including:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006); *see also Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004).

"[T]he moving party bears the burden of proving why a court should transfer the action." *Smart Techs.*, 336 F. Supp. 2d at 719. This burden is a heavy one and requires that the moving party show that the factors weigh strongly in favor of transfer. *Id.*

Defendant argues that a review of the enumerated factors readily establishes that a transfer of venue in this case is not only appropriate, but also the fair result. The Court agrees that the factors and case circumstances weigh heavily in favor of transfer. Plaintiff's arguments to the contrary are unavailing. Defendant has provided a comprehensive review of the factors, with supporting authority. The Court sets forth the key considerations.

*Factor 1 – Convenience of the Witnesses*

Defendant submits that of the factors to be considered in this change of venue motion, the convenience of the witnesses is the one that should be given the most weight. (ECF No. 13 at PageID.70-71, citing, *e.g.*, *Pilates Inc. v. Pilates Inst.*, 891 F. Supp. 175, 183 (S.D.NY 1995) ("Courts generally view the convenience of the witnesses as the single most important factor in the balance.")). Defendant notes that, here, Plaintiff's complaint lists and identifies 29 potential witnesses. Of those witnesses only four (Plaintiff, Kelly Kliss, Mitchell Smith, and Jeremy Baker) live in the State of Michigan, and none of those four, including Plaintiff, lives within 100 miles of the Federal Courthouse in Grand Rapids, Michigan. Conversely, all four of those Michigan residents live less than 37 miles from the Federal Courthouse in South Bend, Indiana. As to those witnesses, traveling 74 miles in a round trip from home to the Federal Courthouse is certainly much more convenient than having to travel 220 miles to attend court in Grand Rapids.

Additionally, the same holds true for the 24 potential witnesses identified in Plaintiff's complaint who are residents of Indiana (ECF No. 13 at PageID.71, citing James Ziska Decl., Ex. A, Spreadsheet, ECF No. 13-2). None of the 24 Indiana residents lives within 100 miles of the Federal Courthouse in Grand Rapids, Michigan, and all live within less than 62 miles from the Federal Courthouse in South Bend, Indiana, with 20 of those 24 persons living less than 50 miles from the Federal Courthouse in South Bend, Indiana. Finally, as far as Defendant's witnesses are concerned, Defendant is not currently aware of any witnesses it might call who are not included among the 29 potential witnesses identified by Plaintiff in her complaint.

Plaintiff responds that the recitation of various persons identified in the pleadings is not determinative for purposes of a change in venue, and thus the party boasting a large list of prospective witnesses does not thereby prevail for a change of venue (ECF No. 16 at PageID.90,

4

citing *Fed. Elec. Prods. Co. v. Frank Adam Elec. Co.*, 100 F. Supp. 8, 12 (S.D.N.Y. 1951) ("District Judges must be able to slice through the mass of affidavits presented and identify *key* witnesses in determining the most convenient forum")).[3] Plaintiff contends that this factor should be based on the actual anticipated testimony of these witnesses and the materiality; thus, it is premature to evaluate the convenience of witnesses when the identities of all key witnesses and their testimony is not fully known. *See id.* at 12; *see also Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001) "([T]he parties should provide each witness's name and an outline of what material testimony that witness would provide.").

In any event, Plaintiff states that two witnesses, Kelly Kliss and Vickie Matz, female employees over age 55 who were also demoted, both live in Michigan, and Plaintiff will not require that witnesses travel to Kalamazoo or Grand Rapids, Michigan for depositions (ECF No. 16 at PageID.91-92). Further, approximately ninety-five percent of all cases settle before trial or are disposed of in part/whole at the summary judgment stage (*id.* at PageID.91). And if the parties settle at mediation, the motion to transfer venue is moot (*id.* at PageID.92). Plaintiff requests that if the Court finds that venue should be transferred, the transfer not take place until after all written discovery, mediation and depositions of witnesses have taken place (ECF No. 17 at PageID.100).

The Court concludes that this factor strongly favors transfer to Indiana. The convenience of the witnesses has been recognized as one of the most important factors under § 1404(a), particularly the convenience of non-party witnesses, rather than that of party witnesses. *See Auto-Wares, LLC v. Wisconsin River Co-op Servs.*, No. 1:09-cv-702, 2010 WL 2508356, at *1 (W.D.

---

[3] Plaintiff's responsive arguments are presented in a somewhat confusing format of two separate documents organized as "response" (ECF No. 16) and "rebuttal" (ECF No. 17) to each assertion and argument of Defendant, with cross-references between Plaintiff's separate documents. The Court has endeavored to consider the combined responses and rebuttals as pertinent.

Mich. June 17, 2010) (citing *Steelcase, Inc. v. Mar-Mol Co., Inc.*, 210 F. Supp. 2d 920, 939-40 (W.D. Mich. 2002) (convenience of witnesses is perhaps the most important factor in the transfer analysis, particularly the convenience of non-party witnesses)).

Despite Plaintiff's arguments, Plaintiff's own pleadings support that the material testimony likely will involve a majority of Indiana witnesses. Plaintiff makes no representation and provides no evidence to the contrary. Defendant sets forth in detail the evidence and witnesses on which Defendant will rely (ECF No. 13 at PageID.71-73), which summarizes the nature of key witness testimony. This includes the anticipated testimony of:

> a. Plaintiff's supervisor, Angela Hamilton (a resident of La Porte County, Indiana), to establish background facts, her observations of performance issues of Plaintiff, why Plaintiff received a formal warning in May 2016, Plaintiff's lack of improvement after being warned, and why she decided to remove Plaintiff from her position.
>
> b. Barney's Market store manager Justin Teets (a resident of La Porte County, Indiana), to establish background facts, performance issues of Plaintiff as well as complaints received about Plaintiff's department from customers and co-workers of Plaintiff, and why he agreed that Plaintiff should be removed from her position in September 2016.
>
> c. The testimony of Ms. Hamilton's supervisor Bob Bline (a resident of La Porte County, Indiana) to establish background facts, his observations of performance issues of Plaintiff, why Plaintiff received a formal warning in May 2016, Plaintiff's lack of improvement after being warned, and why he decided to remove Plaintiff from her position.

(*Id.* at PageID.71-72).

Defendant also will seek testimony from one or more of the individuals identified in Plaintiff's complaint as potential witnesses. Given the overwhelming presence of potential witnesses in Indiana, the convenience-of-the-witnesses factor weighs heavily in favor of transfer.

6

*Factor 2 – Location of Relevant Documents and Relative Ease of Access to Sources of Proof*

Defendant states that, as shown by the sworn Declaration of James Ziska (ECF No. 13-1), most of the relevant documents consisting of Defendant's corporate records are kept and maintained by Defendant at its corporate offices in Michigan City, Indiana. Defendant concedes, however, that with today's technology, the relative ease of access to these documents is not significantly different regardless of the venue. Nonetheless, since most of the documents are kept and maintained in La Porte County, Indiana, this factor weighs in favor of the requested transfer.

Plaintiff states only: "There is no difference in how Defendant would respond to any writing [sic] discovery requests as Plaintiff and Defendant have agreed to exchange all such documentation by E-Mail." (ECF No. 17 at PageID. 101).

This factor, to the extent it goes beyond initial discovery/e-mail, weighs if at all in favor of transfer, given the Indiana location of the bulk of any documentary or other such evidence.

*Factor 3 – Convenience of the Parties*

Defendant states that the Federal Courthouse in South Bend, Indiana is significantly closer to Plaintiff, Defendant, and all known potential witnesses than is the Federal Courthouse in Grand Rapids, Michigan. This proximity favors the requested transfer. To the extent that potential witnesses identified in Plaintiff's complaint are called to testify, significant expenses would be incurred in the form of travel, hotels, meals, and lost wages, if venue remains in Grand Rapids, Michigan.

Defendant notes that the only portion of this factor weighing against transfer is the convenience of Plaintiff's lawyer, whose office is located in Kalamazoo, Michigan, approximately 51 miles from the Federal Courthouse in Grand Rapids, Michigan and approximately 77 miles from the Federal Courthouse in South Bend, Indiana. However, 28 U.S.C. § 1404(a) is not

concerned about such matters; the convenience of counsel has no bearing on the question of change of venue, *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 395 (E.D. Mich. 1982).

Plaintiff responds that Defendant fails to address that Plaintiff will likely be denied her counsel (and forum) if transfer is granted because Plaintiff would probably need to find local counsel since Plaintiff's counsel is not currently admitted to practice in Indiana. "Even if Plaintiff's counsel were granted limited admission to continue to represent Plaintiff in Indiana, Plaintiff would probably still pay the additional legal fees/costs for an Indiana attorney familiar with local practice" (ECF No. 17 at PageID.101).

The Court finds that the considerations raised support transfer, although the Court does not weigh this factor heavily in the overall analysis. The issue of Plaintiff's counsel is likely moot, given Plaintiff's current counsel's motion to withdraw because of irreconcilable differences with Plaintiff. Although Plaintiff is a Michigan resident, it appears that the Northern District of Indiana is not an inconvenient forum for her, given her proximity to South Bend.

*Factor 4 – Locus of the Operative Facts*

Defendant asserts that the operative facts in this case occurred in the following places: (a) Defendant's corporate offices in Michigan City (La Porte County), Indiana; and (b) Defendant's grocery stores in La Porte (La Porte County), Indiana, Michigan City (La Porte County), Indiana, and New Buffalo (Berrien County), Michigan. At the time of her now challenged demotion and transfer, Plaintiff was working at Defendant's grocery store in New Buffalo, Michigan. She was transferred to one of Defendant's grocery stores in La Porte County, Indiana. The decision to demote and transfer Plaintiff was made by Defendant at its corporate offices in La Porte County, Indiana. When Plaintiff first applied for employment with Defendant, she was a resident of La Porte County, Indiana, and was hired to work in one of Defendant's grocery stores in La Porte

8

County, Indiana. Since her initial hire, Plaintiff has worked in Defendant's grocery stores in La Porte County, Indiana and in Defendant's grocery store in New Buffalo, Michigan.

Defendant concedes that the performance issues that led to Plaintiff's demotion occurred in New Buffalo, Michigan, but notes that Plaintiff complains about more than just her demotion and transfer. Her complaint raises many issues relating to at least nine events (other than her demotion and transfer) that allegedly occurred at Defendant's stores in La Porte County, Indiana.

Plaintiff agrees that the operative facts occurred in both Indiana and Michigan. She disputes, however, that the events set forth in her complaint and referenced here by Defendant, all relate to Defendant's Indiana locations. She argues that "[i]n view of the totality of the witnesses and what relevant information may be obtained through documentation, this prong does not weigh in Defendant's favor" (ECF No. 17 at PageID.103).

The Court does not find this factor particularly persuasive one way or the other with regard to transfer. While is it clear that a significant share of the underlying events occurred in Indiana, Plaintiff points out that the locus of some "operative facts" is Michigan. At this juncture, the materiality of the various events cannot be weighed to more specifically evaluate this factor.

*Factor 5 – Availability of Process to Compel Attendance of Unwilling Witnesses*

Defendant argues, and the Court agrees, that this factor weighs heavily in favor of the requested change of venue. Defendant points out that none of the 29 potential witnesses identified by Plaintiff in her complaint live or work within 100 miles of the Federal Courthouse in Grand Rapids, Michigan, and only four actually live in Michigan. However, all of individuals identified live or work within 100 miles of the Federal Courthouse in South Bend, Indiana, and are therefore subject to compulsory process under FED. R. CIV. P. 45.

Plaintiff counters that Defendant does not articulate any need for compulsory process, and many of the potential witnesses are Defendant's employees, for whom subpoenas would be unnecessary. Further, Defendant has identified no specific witness or entity that will be uncooperative. Absent such showings, this factor does not support a change of venue. *See Thomas*, 131 F. Supp. 2d at 940.

As with Factor 5, the specifics of this factor cannot be conclusively determined. However, given that none of the 29 potential witnesses identified by Plaintiff in her complaint are subject to compulsory process if venue remains in Grand Rapids, but all are subject to compulsory process if this case is heard in the Northern District of Indiana—this factor weighs, if at all, in favor of transfer.

*Factor 6 – Relative Means of the Parties*

Defendant cites statements in correspondence from Plaintiff's counsel as indicating that Plaintiff has the means to litigate this case. Plaintiff contests the propriety of this reference since the statement referenced was for settlement purposes only. Plaintiff states that she has in fact been suffering substantial undue hardship because of her pay cut and demotion.

While the specifics of the parties' relative means are not before the Court, all indications are that this factor tips in Plaintiff's favor. Defendant corporation, unlike Plaintiff, makes no claim of financial hardship, and as a corporate business entity likely has much greater means to litigate this case. The Court notes, however, that this factor carries little ultimate weight since the Indiana court is closer in proximity to every potential witness identified, every entity, and every event at issue—including Plaintiff. The one exception is Plaintiff's counsel, but as noted above, counsel has moved to withdraw from the case.

*Factor 7 – Forum's Familiarity with the Governing Law*

The parties agree that this factor is evenly balanced. Both courts are well versed in these types of cases and neither offers an advantage or detriment to either of the parties. This factor is neutral.

*Factor 8 – Weight Accorded the Plaintiff's Choice of Forum*

Defendant concedes that due deference must be paid to the plaintiff's choice of forum—but not to the point of ignoring the other factors. Considering the issues, the number of potential witnesses, and the distances involved, Plaintiff's choice of forum is, perhaps, the most inconvenient forum that could have been selected by Plaintiff.

Further, while deference must be paid to Plaintiff's choice of forums, where the conduct complained of took place in the proposed transferee district, Plaintiff's choice of forum is of minimal value in determining whether to transfer an action under § 1404. *See*, *e.g.*, *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 505 (M.D. Ala. 1994) ("Where none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action."). Here, while it is true that Plaintiff lives in Michigan and was employed in Michigan, the primary challenged decision—to demote and transfer Plaintiff—was made in La Porte County, Indiana. Further, the nine other decisions of Lakeshore complained about by Plaintiff in her complaint were all made in La Porte County, Indiana (ECF No. 13 at PageID.77, citing Ziska Decl., ¶¶ 14, 15, and 16).

Plaintiff responds that Defendant fails to address that Plaintiff will likely be denied her counsel since Plaintiff's counsel is licensed to practice in Michigan only. Regardless whether Plaintiff were granted limited admission in Indiana to continue representing Plaintiff, she would still have to pay for an Indiana attorney familiar with local practice. On the other hand, defense

counsel is admitted to practice in Indiana and Michigan. Additionally, the Indiana forum is contrary to Plaintiff's choice of forum. Thus, this factor does not favor Defendant.

Neither party's position carries significant weight with regard to this factor. While Plaintiff's choice of forum would typically tip this factor in Plaintiff's favor, here, at the time briefing was submitted, Plaintiff relied in large part on the location and licensing of Plaintiff's counsel, who has since moved to withdraw. At this point, it is unknown whether Plaintiff would retain substitute Michigan counsel, who may or may not be willing and able to appear before the Indiana federal court. Plaintiff's choice of forum is therefore given minimal weight.

*Factor 9 – Trial Efficiency and Interests of Justice, based on the Totality of Circumstances*

Finally, Defendant argues that trial efficiency supports having the case heard in South Bend, Indiana. Defendant reasons that managing the availability of witnesses is a critical part of trial efficiency, and this task becomes increasingly burdensome when witnesses must travel more than 100 miles to and from the courthouse, as here.

Plaintiff responds that when the witnesses in this case are narrowed to the key witnesses, this will not be a significant issue. Even if that is not the case, Plaintiff's choice of forum should be respected to the point of mediation/settlement.

The Court concludes that Defendant's argument remains valid given the long distances for nearly all witnesses and the parties. This factor weighs in favor of transfer.

## III.  CONCLUSION

Of the nine factors, many weigh in favor of transfer, and the convenience of the witnesses, the availability of compulsory process weigh heavily in favor of transfer.  The factors that favor Plaintiff do not carry significant weight under the circumstances presented.  Moreover, Plaintiff's counter-arguments based on the limitations of Plaintiff's counsel's practice in Michigan no longer exist in light of Plaintiff's counsel motion to withdraw as Plaintiff's attorney in this case.  Defendant's motion to transfer is granted.

An Order will enter consistent with this Opinion.


Dated:  March 13, 2018              /s/ Janet T. Neff
                                    JANET T. NEFF
                                    United States District Judge